A. CANADAY, Appellant, v. J. E. MELLETTE et al., Respondents.

**St. Louis Court of Appeals, April 10, 1900.**

1. **Jury:** SOLE JUDGES OF WEIGHT OF TESTIMONY: FACT, QUESTION OF. The jury are the sole judges of the weight of testimony and of the credibility of witnesses.

2. ————: ————: PRACTICE, APPELLATE. And when the jury have settled a question of fact by their verdict, there is nothing for the appellate court to review.

Appeal from the Greene Circuit Court.—*Hon. James Tilford Neville,* Judge.

AFFIRMED.

*Wolf & Gorman* for appellant.

(1) The answer of defendants to the petition in this cause, set up payment, as defense; and the weight of the evidence shows that the only claim of payment is that usury had been charged by plaintiff on all the notes executed to plaintiff by defendants, and that applying the usury so paid to the payment of the note in question that the note would thereby be "legally" paid. Usury can not be taken advantage of by the defendant in an action on the debt, unless it has been specially and clearly pleaded. Bond v. Worley, 26 Mo. 253; Weimer v. Shelton, 7 Mo. 237; Mullanphy v. Phillipson, 1 Mo. 188; 27 Am. and Eng. Ency. of Law, p. 1040; Lawson on Rights, Remedies and Practice, p. 4094, sec. 2468. (2) Defendants failed to prove payment by a preponderance of the testimony, as the law requires of them, but the weight of the evidence is to the effect that the note

has not been paid. Even when usury is set up as a defense it can not be sustained except by the strictest proof, and the burden is on the party alleging it. Lawson on Rights, Remedies and Practice, p. 4094, sec 2468; Smith v. Neely, 53 S. W. Rep. 450. When suit is brought upon a contract which has been merged in some other security, the answer should set out the facts.

*Wm. O. Mead* and *T. T. Loy* for respondent.

(1) The case was tried before a jury correctly instructed by the court. The evidence was ample to sustain the verdict. There is nothing for this court but to affirm the judgment. The authorities are so numerous and pointed, and none supporting or tending to support a different contention, that we refrain from giving citations. (2) No question of a preponderance will be considered in the cause. In the last paragraph of appellant's brief, on page 4, he lays down as a proposition that the "preponderance" was to the effect different than as found by the jury, and this same erroneous idea of the law seems to characterize our brothers, for they, we find, put the following in the closing part of their brief, commencing at bottom of page 6: "Defendants failed to prove payment by a preponderance of the testimony as the law requires them, but the weight of the evidence is to the effect that the note has not been paid."

BLAND, P. J.—The suit is on the following promissory note:

"$1,000.00. Springfield, Mo., August 1, 1896.

"Five months after date we promise to pay to A. Canaday, or bearer, One Thousand Dollars, for value received, negotiable and payable without defalcation or discount; with interest from date at the rate of 8 per cent per annum; and

if interest be not paid annually to become as principal and bear the same rate of interest.

"(Signed)

> "J. E. Mellette,
> "E. L. Link,
> "Ivan Link,
> "J. W. Hogg."

The defense relied on was payment. Trial by jury; verdict and judgments for defendants.

No objections were saved to the admission or rejection of testimony. The court on its own motion gave the following instruction to the jury:

"On the evidence before you, you are to render a verdict in this cause, that is to say cause number 18 on the court's docket. This is a suit upon a note for one thousand ($1,000) dollars, dated August 1, 1896, with interest from date at the rate of eight per cent per annum, signed by J. E. Mellette, E. L. Link, Ivan Link and J. W. Hogg.

"The execution and delivery of this note is admitted by the pleadings and the only matter for your determination is whether or not this note has been paid.

"The burden of proving that it has been paid is upon the defendant, and he must show its payment by a preponderance or greater weight of evidence, and you are to find the issues for the plaintiff if the defendant has failed to establish payment by such preponderance.

"If you find from the evidence that in August, 1896, when the $2,000 note was executed, that it was intended by both Mellette and Canaday that it should include the $1,000 note, signed by Mellette, Hogg and the Links; in other words, if the $2,000 note and mortgage was to be simply a further security of that debt, with other debts, all included in the $2,000 note, then said $1,000 note was paid, on the

payment of the $2,000 note, and your verdict should be for the defendant in this suit.

"There is not evidence in this case sufficient to establish an extension of time of payment of the $1,000 note, so as to discharge the sureties in case you find the note has never been paid.

"You are instructed that the payment of usurious interest on other indebtedness can not be credited on these notes, which were executed after the dates of the execution of the notes on which usurious interest was paid. If the $1,000 note signed by Mellette, Hogg, Link and Link was not included in the $2,000 note, then there is no other evidence of payment thereof, and your verdict should be for plaintiff in this suit for $1,000, with interest at the rate of eight per cent per annum from August 1, 1896."

To the giving of which instruction appellant objected and excepted. No other instructions were asked or given.

The evidence of Mellette, the principal maker of the note, tends to prove that in November, 1893, he borrowed $132 of appellant, and after this from time to time he borrowed sums of money of appellant, and that on June 13, 1896, he borrowed $1,000 of appellant, for which he gave his note, and that on April 1, 1896, he gave his other note to appellant for $837, the consideration for which was partly for money borrowed, but mostly for another note he had given, and which he took up at the time; that he made payments and paid usurious interest on all the sums he borrowed, and agreed to pay usurious interest on the $1,000 note; that on August 1, 1896, he owed appellant the $1,000 note and a note for $600; that appellant was not satisfied with the security he had, and to satisfy him he renewed the $1,000 note by giving the note in suit, and gave another note for $2,000, and secured the latter by a tract of land he owned in the state of Indiana; that the note sued on and

the $600 note were included in the $2,000 note, and that at that time these two sums, $1,000 and $600, was all he owed appellant, plus the usurious interest he had agreed to pay; that early in April, 1897, he procured a loan on his Indiana farm and paid appellant $2,108, the principal and interest due on the $2,000 note, and afterwards demanded the return of the note in suit, but that appellant refused to surrender it.

Appellant's testimony tended to prove that the $1,000 note and $2,000 represent separate and distinct transactions, and are for separate sums of money loaned by him to Mellette, and that on August 1, 1896, Mellette owed him $3,000; that the $2,000 note was paid, but that the $1,000 was yet due and unpaid. Mellette and appellant were the only witnesses on the trial.

The testimony is conflicting. If Mellette's story is true, the note was paid. If appellant is to be believed, every dollar of it is yet due. The jury found that the note had been paid. They were the sole judges of the weight of testimony and of the credibility of the two witnesses. All there is in the case is a question of fact. The jury has settled that by their verdict. The instruction given by the court is full, fair, and not open to criticism. No error is shown by the record, and we affirm the judgment. Judge *Bond* concurs; Judge *Biggs* absent.